**United States District Court**
For the Northern District of California

1
2
3
4
5                    UNITED STATES DISTRICT COURT
6                 NORTHERN DISTRICT OF CALIFORNIA
7
8    LEO MERAZ,                              No. C 08-4540 MHP (pr)
9              Plaintiff,                    **ORDER OF SERVICE**
10        v.
11   Lt. STEVEN REPPOND; et al.,
12             Defendants.
                                   /
13
14                          **INTRODUCTION**

15        Leo Meraz, an inmate at the California State Prison - Sacramento, filed a pro se civil

16   rights complaint under 42 U.S.C. § 1983 concerning conditions he experienced while

17   incarcerated at Pelican Bay State Prison.  After he filed his complaint, he filed an amended

18   complaint, and that is now before the court for review pursuant to 28 U.S.C. § 1915A.

19                          **BACKGROUND**

20        Meraz alleges the following about an incident that occurred on December 5, 2007:  On

21   that day, Meraz was going to a chapel service and realized that unclothed body inspections

22   were going to be done.  He didn't want to be searched, so he tried to return to the housing

23   unit.  When he arrived at the housing unit, he was handcuffed and put in a holding cage.   He

24   was then taken to the sergeant's office.  Correctional lieutenant Reppond shook him

25   forcefully, slammed his face into a concrete wall four times, and slammed him onto the

26   ground.  Correctional officer ("C/O") Allen Risenhoover, C/O C. W. Speaker, C/O James

27   Thom, and correctional sergeant A. Navarro "stood by un-responsive observing" as Reppond'

28   used force on Meraz.  Amended Complaint, pp. 5, 6.

**United States District Court**
For the Northern District of California

1  Meraz also alleges that Reppond fabricated a rule violation report accusing him of

2  assaulting staff, and that Risenhoover and Navarro gave false reports about the incident.  He

3  also contends that nurse Carson made a medical report of injury that she "fabricated" by "not

4  noting injuries and mollifying other injuries."  Amended Complaint, p. 7.

5  Meraz further alleges that -- after he left the area to avoid the unclothed body search,

6  after Reppond used force on him, and after he was searched and no contraband was found on

7  him -- lieutenant Reppond reported that he suspected Meraz had secreted contraband in his

8  rectum based on the blood on Meraz's boxer shorts.  As a result, Meraz was placed on

9  contraband watch for three days.  On contraband watch, Meraz was kept in a small holding

10  cell wearing only boxer shorts, was observed at all times, and had his excrement inspected

11  for contraband.  After three days passed and no contraband was excreted, Meraz was released

12  from contraband watch.

### DISCUSSION

14  A federal court must engage in a preliminary screening of any case in which a

15  prisoner seeks redress from a governmental entity or officer or employee of a governmental

16  entity.  See 28 U.S.C. §1915A(a).  The court must identify any cognizable claims, and

17  dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may

18  be granted, or seek monetary relief from a defendant who is immune from such relief.  See

19  28 U.S.C. §1915A(b)(1),(2).

20  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that

21  a right secured by the Constitution or laws of the United States was violated and (2) that the

22  violation was committed by a person acting under the color of state law.  See West v. Atkins,

23  487 U.S. 42, 48 (1988).

24  When prison officials stand accused of using excessive force in violation of the Eighth

25  Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to

26  maintain or restore discipline, or maliciously and sadistically to cause harm.  See Hudson v.

27  McMillian, 503 U.S. 1, 6-7 (1992); Whitley v. Albers, 475 U.S. 312, 320-21 (1986).

28  Liberally construed, the amended complaint states a § 1983 claim against defendants

**United States District Court**
For the Northern District of California

1  Reppond, Risenhoover, Speaker, Thom, and Navarro for the alleged use of excessive force

2  on Meraz on December 5, 2007.  Although only Reppond is alleged to have actually hit

3  Meraz, the allegations that the others stood by, observing but failing to intervene, liberally

4  construed, are sufficient to state a claim for relief against them as well as the individual who

5  allegedly inflicted the blows.  See Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995)

6  (prison official's failure to intervene to prevent 8th Amendment violation may be basis for

7  liability).

8      The allegations in the amended complaint that Reppond prepared a false rule violation

9  report, and that Risenhoover and Navarro prepared false incident reports don't state a claim.

10  A prisoner has no constitutionally guaranteed immunity from being falsely or wrongly

11  accused of conduct which may result in the deprivation of a protected liberty interest.

12  Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949,

13  951 (2d Cir. 1986).  As long as a prisoner is afforded procedural due process in the

14  disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983,

15  Hanrahan v. Lane, 747 F.2d 1137, 1140-41 (7th Cir. 1984).  Meraz has not alleged that he

16  was disciplined or that he was denied procedural due process in connection with such

17  discipline.  He also has not stated a claim against the nurse who allegedly downplayed the

18  nature of his injuries when she made her report.  He does not allege that the nurse failed to

19  treat him, but only that she did not document things properly.  The claims that various

20  defendants prepared false reports are dismissed.

21      The placement of a prisoner in some sort of administrative segregation may violate

22  due process only if the liberty at issue is one of real substance, which  generally is limited to

23  freedom from restraint that imposes "atypical and significant hardship on the inmate in

24  relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

25  Meraz's 72-hour placement in the contraband watch cell did not amount to atypical and

26  significant hardship within the correctional system.  Although the conditions in the

27  contraband watch cell were more onerous than those plaintiff normally faced in prison, his

28  placement was simply too brief to implicate the Due Process Clause.  Compare

United States District Court
For the Northern District of California

1  id. (placement in disciplinary segregation for 30 days did not constitute atypical and

2  significant hardship within the correctional context), and Mujahid v. Meyer, 59 F.3d 931,

3  932 (9th Cir. 1995) (placement in disciplinary segregation for 14 days did not constitute

4  atypical and significant hardship within the correctional context), with Wilkinson v. Austin,

5  545 U.S. 209, 223-25 (2005) (indefinite placement in "supermax" facility, where inmates are

6  not eligible for parole consideration, imposes an atypical and significant hardship within the

7  correctional context).  And even if the liberty at issue was one of real substance, plaintiff

8  received all the process he was due – he was informed that he was being placed in the

9  contraband watch cell because he was suspected of having secreted contraband in his body

10  and he was held for no more than 72 hours before being released or afforded a non-

11  adversarial hearing.  See Toussaint v. McCarthy, 801 F.2d 1080, 1100 & n20 (9th Cir. 1986).

12      The placement on contraband watch also did not amount to an Eighth Amendment

13  violation.  A prison official violates the Eighth Amendment only if two requirements are met:

14  (1) the deprivation alleged must be, objectively, sufficiently serious, and (2) the prison

15  official possesses a sufficiently culpable state of mind.  Farmer v. Brennan, 511 U.S. 825,

16  834 (1994).  Here, the conditions that lasted only 72 hours were not sufficiently serious

17  enough and there is no allegation that  prison officials acted with deliberate indifference to

18  his health or maliciously and sadistically to cause plaintiff harm.  See LeMaire v. Maass, 12

19  F.3d 1444, 1452-54 (9th Cir. 1993) ("malicious and sadistic" standard applies where prisoner

20  challenges not so much conditions of confinement or indifference to medical needs that do

21  not clash with important governmental responsibilities, but rather levels his complaint at

22  measured practices and sanctions used in exigent circumstances or imposed with

23  considerable due process to maintain control over difficult prisoners ).  Meraz was placed in

24  the contraband watch cell after Reppond reported suspecting him of having secreted

25  contraband in his body – which occurred after Meraz reversed course upon seeing he was

26  going to be subjected to an unclothed body search and had blood on his undershorts.  Under

27  the circumstances, he was subjected to conditions designed to reveal whether he had

28  concealed a weapon or contraband in his body.  The conditions may have been onerous, but

4

1  prison officials did not impose them maliciously and sadistically to cause plaintiff harm.

2  Plaintiff was released from the watch cell as soon as prison officials were satisfied that he

3  had not hidden contraband in his body.

4                                  **CONCLUSION**

5      For the foregoing reasons,

6      1.      Plaintiff has stated a cognizable § 1983 excessive force claim against

7  defendants Reppond, Risenhoover, Speaker, Thom, and Navarro.  All other defendants and

8  claims are dismissed.

9      2.      The clerk shall issue a summons and the United States Marshal shall serve,

10 without prepayment of fees, a copy of the amended complaint and this order upon the

11 following individuals, all of whom apparently are employed at Pelican Bay State Prison:

12      - correctional lieutenant Steven Reppond
        - correctional sergeant A. Navarro
13      - correctional officer Allen Risenhoover
        - correctional officer James Thom
14      - correctional officer C. W. Speaker

15      3.      In order to expedite the resolution of this case, the following briefing schedule

16 for dispositive motions is set:

17      a.      No later than **June 19, 2009**, defendants must file and serve a motion for

18 summary judgment or other dispositive motion.  If defendants are of the opinion that this

19 case cannot be resolved by summary judgment, they must so inform the court prior to the

20 date the motion is due.

21      b.      Plaintiff's opposition to the summary judgment or other dispositive

22 motion must be filed with the court and served upon defendants no later than **July 24, 2009**.

23 Plaintiff must bear in mind the following notice and warning regarding summary judgment as

24 he prepares his opposition to any summary judgment motion:

25          The defendants may make a motion for summary judgment by which
            they seek to have your case dismissed.  A motion for summary judgment under
26          Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

27          Rule 56 tells you what you must do in order to oppose a motion for
            summary judgment.  Generally, summary judgment must be granted when
28          there is no genuine issue of material fact -- that is, if there is no real dispute

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  (See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).

        c.     If defendants wish to file a reply brief, they must file and serve the reply brief no later than **August 14, 2009**.

        4.     All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel.  The court may disregard any document which a party files but fails to send a copy of to his opponent.  Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

        5.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

        6.     Plaintiff is responsible for prosecuting this case.  Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).   Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

        IT IS SO ORDERED.

Dated: March 17, 2009

                                       _____
                                  Marilyn Hall Patel
                                  United States District Judge